UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES STEPHENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00825-SEB-TAB |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO DISMISS
AND DIRECTING FURTHER BRIEFING**

**I.      Motion to Dismiss**

In this habeas action, petitioner James Stephens challenges a prison disciplinary conviction. The petitioner was found guilty on February 19, 2025, of violating Code B-223, work stoppage, in JCU 25-02-83 and sanctions, including a one class demotion in time earning class, were imposed. Dkt. 12-1. The conduct report was written while Mr. Stephens was incarcerated at the Edinburgh Johnson County Unit ("JCU"). The hearing was conducted after he had been transferred to Plainfield Correctional Facility ("Plainfield").

The respondent seeks the dismissal of this action on the grounds that the petitioner failed to exhaust his administrative appeals process.  In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus.  *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002); *see also Reynolds v. Hepp,* 902 F.3d 699, 705 (7th Cir. 2018) (if state prisoner petitioner fails to exhaust available state-court remedies before bringing habeas claims to federal court, the claims are procedurally defaulted and cannot be reviewed without a

showing of "cause and prejudice or a miscarriage of justice (meaning conviction of an innocent person)."). "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded compliance with the procedural rule.... This normally means petitioner must show[ ] that the factual or legal basis for a claim was not reasonably available, or that some interference by officials[ ] ... made compliance impracticable." *Love v. Vanihel*, 73 F.4th 439, 446-47 (7th Cir. 2023) (cleaned up). "[T]o establish prejudice, the prisoner must show not merely a substantial federal claim, such that the errors at trial created a possibility of prejudice, but rather that the constitutional violation worked to his actual and substantial disadvantage." *Id.* at 448 (cleaned up).

The respondent argues that after a search of Indiana Department of Correction records for James Stephens, no record of his first or second level appeals could be found. Dkt. 12-3. Deputy Warden Lagenour at Plainfield declared that he did "not recall" receiving a facility appeal from Mr. Stephens. Dkt. 12-2.

Mr. Stephens has opposed the motion and explains that he gave a Plainfield correctional officer his first level appeal on the day of his hearing, February 19, 2025. Dkt. 15-1 at 1. More than two months later, on April 25, 2025, he received his first appeal back, unprocessed, with a yellow sticky note on it written by Katie McMahon, Unit Team Manager at Plainfield saying, "This has to be completed by JCU. Send to them." *Id.* at 2. In the meantime, on March 26, 2025, he mailed his second level appeal even though he had not received a response to his first level appeal. *Id.* He never received a response to his second level appeal. On April 4, 2025, he filed his habeas petition because he believed his attempts to complete the appeal process had been "interfered with." *Id.* He knew that the 10 and 15 day time frames to submit his appeals had long passed after the delay caused when his first level appeal was returned to him unprocessed.

Mr. Stephens also argues that the declaration filed by the respondent stating that the declarant "reviewed the Department's records pertaining to I.I. James Stephens, who is assigned Department number 299685" is invalid because his Department number is 996056. Dkt. 15 at 6; dkt. 12-3.

The Court finds that Mr. Stephens' transfer from one facility to another after the conduct report was written and the two-month delay by Plainfield staff in failing to process his first level appeal adequately show that external factors impeded his reasonable attempts to comply with the exhaustion requirements. Interference by Plainfield staff made Stephens' compliance impracticable due to no fault of his own. He attempted to file his first level appeal on the same day of his hearing and yet nothing was timely processed.

For these reasons, Mr. Stephens has shown cause to excuse his procedural default. Whether the facility violated Mr. Stephens' due process rights and the sanctions would have been different or vacated has not been briefed, and therefore, a showing of prejudice cannot be determined without turning to the merits, which the Court now directs. Accordingly, the respondent's motion to dismiss for failure to exhaust, dkt. [12], is **denied.**

## II.    Further Proceedings

Mr. Stephens' motion for case status, dkt. [22], and motion to advance the cause, dkt. [23], are **granted** to the extent this Order is being issued.

The Respondent shall answer the allegations of the petitioner's petition for a writ of habeas corpus on the merits and in doing so shall **show cause** why the relief sought by the petitioner should not be granted insofar as the petitioner challenges the deprivation of a recognized liberty interest affecting the fact or the duration of his confinement. This shall be done **no later than**

**August 28, 2026.** The petitioner shall have **twenty-eight (28) days** after service of such answer or return to order to show cause on him in which to reply.

    **IT IS SO ORDERED.**

Date: _____7/28/2026_____

_Sarah Evans Barker_ (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES STEPHENS
996056
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov